IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAHEEM JOHNSON, :
:
      Plaintiff, :
:
v. : CIVIL ACTION NO. 23-4738
:
GINA CLARK *et al.*, :
:
      Defendants. :

## ORDER

**AND NOW**, this 22nd day of May, 2024, upon consideration of Plaintiff Raheem Johnson's *pro se* Complaint (ECF No. 1) and Motion to Move Forward (ECF No. 6), it is hereby **ORDERED** as follows:

1. For the reasons stated in the Memorandum accompanying this Order, Johnson's claims based on the alleged confiscation of his legal papers are **SEVERED** from this civil action into a separate lawsuit as follows:

    a. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order, the accompanying Memorandum, and a copy of the Complaint (ECF No. 1) in this case.

    b. The new civil action shall name Raheem Johnson as the Plaintiff and shall name as Defendants SCI Camp Hill employees Correctional Officer Boose, Captain Baptiste, Grievance Coordinator Heist, and SCI Chester employee Mailroom Supervisor Tameka Davis. The Clerk of Court is **DIRECTED** to **TERMINATE** these Defendants from the docket in this case.

      c.      The Clerk of Court is **DIRECTED** to **TRANSFER** the new civil action to the United States District Court for the Middle District of Pennsylvania, where it may be subject to additional screening pursuant to 28 U.S.C. § 1915(e) and/or § 1915A.

2. For the reasons stated in the Memorandum accompanying this Order, Johnson's remaining claims are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

    a. Johnson's claims for money damages based on the Pennsylvania Constitution, his claims against Defendants Clark and Miller based on grievances, his Rehabilitation Act claims asserted against the individual Defendants, and his official capacity claims against Department of Corrections employees and his claims against the Department of Corrections seeking money damages are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    b. Johnson's conditions of confinement claims based on being served contaminated food asserted against Defendants Cotton-Williams and Reasons, his retaliation claims, any supervisory liability claims he seeks to assert against Defendants Clark and Miller, his claims against Secretary of the Department of Corrections Laurel Harry, his Rehabilitation Act claim against the Department of Corrections, and his state law claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is **DIRECTED** to send Johnson a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

4. Johnson is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state plausible claims. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Johnson's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 23-4738. If Johnson files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Johnson's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **Claims that are not included in the amended complaint will not be considered part of this case. Johnson may not reallege the claims ordered transferred to the United States District Court for the Middle District of Pennsylvania.** When drafting his amended complaint, Johnson should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. If Johnson does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Cotton-Williams and Reasons only. Johnson may also notify the Court that he seeks to proceed on his conditions of confinement claim based on the alleged non-delivery of his special diet rather than file an

- 4 -

      amended complaint. If he files such a notice, Johnson is reminded to include the case number for this case, 23-4738.

6.    The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

7.    Johnson's Motion to Move Forward is **DENIED AS MOOT** in light of the filing of this Order and supporting Memorandum.

                                                   **BY THE COURT:**

                                              */s/ Jeffrey L. Schmehl*
                                              **JEFFREY L. SCHMEHL, J.**